**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| TERENCE GARVEY, individually and on behalf of classes of similarly situated individuals, ) ) ) | |
| *Plaintiff*, ) | No. |
| ) | |
| v. ) | |
| ) | |
| AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, a Florida corporation, ) ) ) ) ) | |
| *Defendant*. ) | |

## CLASS ACTION COMPLAINT

Plaintiff Terence Garvey ("Plaintiff") brings this class action complaint against Defendant American Bankers Insurance Company of Florida ("Bankers") to stop Bankers' unlawful telephone solicitation practices and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. In a misguided effort to market automotive warranties, Bankers, an underwriter of such products, engaged third-parties to establish an automated calling operation to place unsolicited telemarketing calls to the cellular telephones of thousands of consumers nationwide.

2. Bankers violated federal law when the automated calling operation established, financed and underwritten by Bankers, placed unauthorized automated telephone calls

1

("robocalls") using an Automatic Telephone Dialing System ("ATDS") to the cellular telephones of individuals throughout the nation.

3. Bankers also violated federal law when the automated calling operation it established, financed and underwrote to market automotive warranties, placed unauthorized telephone solicitation calls to the telephones of individuals throughout the nation whose phone numbers were registered with the National Do-Not-Call registry, as established by 47 U.S.C. § 227(c).

4. By effectuating these unauthorized calls, Defendant has violated the called parties' statutory rights and has caused such call recipients actual harm, not only because the called parties were subjected to the aggravation and invasion of privacy that necessarily accompanies unsolicited telephone solicitation calls, but also because the recipients often must pay their cellular phone providers for receiving the calls or incur a usage deduction on their plan.

5. In order to redress these injuries, Plaintiff, on behalf of himself and two nationwide classes brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA"), which protects the privacy right of consumers to be free from receiving unsolicited automated telephone calls.

6. On behalf of the classes, Plaintiff seeks an injunction requiring Bankers to cease all unauthorized automated telephone calls, and an award of statutory damages to the members of the classes, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

7. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the federal Telephone Consumer Protection Act, 47 U.S.C.

§ 227 *et seq*.

8. Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b) because Plaintiff resides in this District, Bankers transacts business in this District, and a substantial part of the events concerning the unauthorized robocalls at issue occurred in this District, as Plaintiff's cellular telephone received unsolicited robocalls placed on behalf of Bankers within this District.

## PARTIES

9. Plaintiff is a resident of the State of Illinois.

10. Bankers is a nationwide provider of automotive warranty underwriting services. Bankers is a Florida corporation with its principal place of business located in Florida. Bankers conducts business in this District, and conducts business elsewhere throughout the United States.

## COMMON ALLEGATIONS OF FACT

11. Bankers is a nationwide provider of automotive warranty underwriting services to numerous warranty administrators.

12. Such automotive warranty administrators sell and service automotive warranty policies to consumers nationwide and partner with Bankers to finance the sale of such policies.

13. In an effort to increase the sale of its automotive warranty products, Bankers partnered with various administrators to establish an automated calling operation to solicit potential customers nationwide. The call centers established on behalf of Bankers were operated by third-parties which marketed its underwritten goods and services by using an ATDS to place telephone calls to the phone numbers of thousands of potential customers every day.

14. The automated calling operation was established to act on Bankers' behalf to solicit the purchase of Bankers' underwritten automotive warranty services by consumers.

15. Starting at least as early as 2016, Bankers, through its automated calling operation, engaged in the mass transmission of unsolicited robocalls to the cell phones nationwide of what it hoped were potential customers of Bankers' automotive warranty services.

16. Beginning in or about 2016, in an apparent effort to sell to Plaintiff automotive warranty services underwritten by Bankers, Bankers' agents began placing robocalls to Plaintiff's cellular telephone.

17. These automated solicitation calls, including the calls made to Plaintiff, were placed *en masse* using "predictive dialing" technology, which automatically places calls without human intervention until the called party answers the call, at which time such automatic dialer attempts to connect the called party with a human representative.

18. When Plaintiff would answer the phone calls, the call would be connected to the automated calling operation maintained by Bankers' agents and a sales representative would eventually come on the line and attempt to make a "sales pitch" promoting automotive warranty services underwritten by Bankers.

19. For example, in November 2016, Plaintiff received yet another unauthorized robocall from Bankers. When Plaintiff answered the call, a sales associate introduced herself by name, stated that she was calling on behalf of a marketer of Bankers' products, and proceeded to make a sales pitch.

20. Plaintiff received these unwanted and unsolicited robocalls several times per month over the past years preceding the filing of the instant complaint. The unauthorized

4

robocalls placed by Bankers invaded Plaintiff's privacy, forced him to spend hours investigating their source, and repeatedly interfered with his use of his cellular telephone over a matter of months.

21. Plaintiff's cellular telephone number has been registered with the National Do-Not-Call Registry at all times that he received robocalls from Bankers. Plaintiff had never contacted Bankers for any purpose or had any business relationship with Bankers prior to the calls commencing.

22. Bankers is, or should have been, aware that the automated calling operation marketing its warranties was placing telephone solicitation calls in violation of the TCPA.

23. Bankers has the ability to prevent unauthorized calls in violation of the TCPA from being placed by its automated calling operation.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action on behalf of himself and the following classes (together, the "Classes") defined as follows:

(i) <u>The Written Consent Class</u>: All persons in the United States and its Territories who, since October 16, 2013, received one or more telephone solicitation calls on their cellular telephone advertising the sale of automotive warranties underwritten by Bankers through an automated telephone dialing system without providing prior express written consent to receive such phone calls.

(ii) <u>The Do-Not-Call Class</u>: All persons in the United States and its Territories who, in the four years prior to the filing of the Complaint in this matter, received at least two telephone solicitation calls advertising the sale of automotive warranties underwritten by Bankers within

any twelve month period within those four years, never had an established business relationship with Bankers prior to receiving the calls, and who registered his or her phone number with the National Do-Not-Call Registry at least 31 days prior to receiving such calls.

25. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Classes. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Classes.

26. Absent a class action, most members of the Classes would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

27. Bankers has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Classes, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes, and making injunctive or corresponding declaratory relief appropriate for the Classes as a whole.

28. The factual and legal bases of Bankers' liability to Plaintiff and to the other members of the Classes are the same, resulting in injury to Plaintiff and to all of the other members of the Classes. Plaintiff and the other members of the Classes have all suffered harm and damages as a result of Bankers' unlawful and wrongful conduct.

29. Upon information and belief, there are hundreds, if not thousands, of members of the Classes such that joinder of all members is impracticable.

30. There are many questions of law and fact common to the claims of Plaintiff and the other members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not limited to, the following:

(a) Did Bankers cause automated telephone calls marketing Bankers' products and services to be placed?

(b) Were the calls marketing Bankers' automotive warranties placed using an automatic telephone dialing system?

(c) Did Bankers cause to be placed telephone solicitation calls advertising its services using an automatic telephone dialing system after October 16, 2013 to persons who did not previously provide Bankers with prior express written consent to receive such calls on their respective cellular telephone numbers?

(d) Did the unauthorized calls made on behalf of Bankers using an ATDS violate the TCPA?

(e) Did Bankers cause to be placed telephone solicitation calls advertising Bankers' services to persons whose telephone numbers were registered with the National Do-Not-Call Registry and did not provide Bankers with prior express written consent to receive such calls?

(f) Was Bankers' conduct in violation of the TCPA willful such that the members of the Classes are entitled to treble damages?

(g) Should Bankers be enjoined from continuing to engage in such conduct?

## COUNT I
### Violation of the Telephone Consumer Protection Act (47 U.S.C. § 227, et seq.) on behalf of the Written Consent Class

31. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

32. Bankers made unauthorized telephone solicitation calls after October 16, 2013 without prior express written consent using an automatic telephone dialing system to the cellular telephone numbers of Plaintiff and the other members of the Written Consent Class.

33. Each such automated call was made using equipment that had the capacity at the time the calls were placed to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers without human intervention.

34. Bankers' conduct violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

35. As a result of Bankers' illegal conduct, the members of the Written Consent Class have had their privacy rights violated, have suffered statutory and actual damages, and, under 47 U.S.C. § 227(b)(3)(B), are each entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT II
### Violation of the Telephone Consumer Protection Act (47 U.S.C. § 227, et seq.) on behalf of the Do-Not-Call Class

36. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

37. Bankers made at least two telephone solicitation calls to the telephone numbers of Plaintiff and the other members of the Do-Not-Call Class within a twelve month period in the four years prior to the commencement of this litigation.

38. Each such call was placed more than 31 days after Plaintiff and the other members of the Do-Not-Call Class had registered their respective phone numbers with the National Do-Not-Call Registry.

39. Plaintiff and the other members of the Do-Not-Call Class never had an established business relationship with Bankers prior to receiving the calls.

40. Plaintiff and the other members of the Do-Not-Call Class never gave prior express written consent to Bankers to receive telephone solicitation calls prior to receiving the calls.

41. Bankers' conduct violated the TCPA, 47 U.S.C. § 227(c)(5) and its implementing regulations 47 C.F.R. § 64.1200(c)(2) and 47 C.F.R. § 64.1200(e).

42. As a result of Bankers' illegal conduct, the members of the Do-Not-Call Class have had their privacy rights violated, have suffered statutory and actual damages, and, under 47 U.S.C. § 227(c)(5)(B), are each entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

**REQUEST FOR RELIEF**

Plaintiff, on behalf of himself and the Classes, requests the following relief:

A. An order certifying the Classes as defined above;

B. An award of statutory damages;

C. An injunction requiring Bankers to cease all unauthorized automated telephone activities;

D.  An award of reasonable attorney's fees and expenses of litigation; and

E.  Such further and other relief as the Court deems just or equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: February 6, 2017  TERENCE GARVEY, individually and on behalf of classes of similarly situated individuals

By: /s/ Michael J. McMorrow
One of Plaintiff's Attorneys

Michael J. McMorrow
mike@mjmcmorrow.com
MCMORROW LAW, P.C.
One North LaSalle Street, 44th Floor
Chicago, IL 60602
Tel: (312) 265-0708