**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| TERENCE GARVEY, individually and on behalf of a class of similarly situated individuals, | ) ) ) | |
| *Plaintiff*, | ) ) | No.  17-cv-00986 |
| v. | ) ) | Hon. Sharon Coleman Johnson |
| | ) ) | Magistrate Judge: Hon Maria Valdez |
| AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, a Florida corporation, ROYAL ADMINISTRATION SERVICES, INC., a Florida corporation, ASSURANT, INC., a Delaware corporation, | ) ) ) ) ) | |
| *Defendants*. | ) ) | |

**THIRD AMENDED CLASS ACTION COMPLAINT**

Plaintiff Terence Garvey ("Plaintiff") brings this third amended class action complaint against Defendants American Bankers Insurance Company of Florida ("Bankers"), Royal Administration Services, Inc. ("Royal"), and Assurant, Inc. ("Assurant") (collectively "Defendants"), to stop Defendants' unlawful telephone solicitation practices and to obtain redress for all persons injured by their conduct.  Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**NATURE OF THE ACTION**

1.      In a misguided effort to market automotive warranties, Bankers, an underwriter of such service contracts, working with Assurant, a corporate parent entity and a nationwide provider of insurance policies, engaged Royal, an administrator for automotive warranty products, to establish an automated calling operation employing a number of third-parties to

1

place unsolicited telemarketing calls to the cellular telephones of thousands of consumers nationwide.

2.  Defendants violated federal law when the automated calling operation established, directed, and facilitated by Defendants placed unauthorized automated telephone calls ("robocalls") using an Automatic Telephone Dialing System ("ATDS") to the cellular telephones of individuals throughout the nation.

3.  By effectuating these unauthorized calls, Defendants have violated the called parties' statutory rights and have caused such call recipients actual harm, not only because the called parties were subjected to the aggravation and invasion of privacy that necessarily accompanies unsolicited telephone solicitation calls, but also because the recipients often have to pay their cellular phone providers for receiving the calls or incur a usage deduction on their plan.

4.  In order to redress these injuries, Plaintiff, on behalf of himself and a nationwide class brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA"), which protects the privacy right of consumers to be free from receiving unsolicited automated telephone calls.

5.  On behalf of the class, Plaintiff seeks an injunction requiring Defendants to cease all unauthorized automated telephone calls, and an award of statutory damages to the members of the class, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

6.  This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*

7.     Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b) because Plaintiff resides in this District, Defendants transact business in this District, and a substantial part of the events concerning the unauthorized robocalls at issue occurred in this District, as Plaintiff's cellular telephone received Defendants' unsolicited robocalls within this District.

## PARTIES

8.     Plaintiff is a resident of the State of Illinois.

9.     Bankers is a nationwide provider of automotive warranty underwriting services. Bankers is a Florida corporation with its principal place of business located in Florida. Bankers conducts business in this District, and conducts business elsewhere throughout the United States.

10.     Defendant Royal is a nationwide provider of automotive warranty administration services. Royal is a Florida corporation with its principal place of business located in Florida. Royal conducts business in this District, and conducts business elsewhere throughout the United States.

11.     Assurant is a parent corporate entity of Bankers, and is one of the largest providers of insurance products in the country, including providing insurance for automotive warranty products sold by third-parties such as Royal. Assurant is a Delaware corporation with its principal place of business located in New York. Assurant conducts business in this District, and conducts business elsewhere throughout the United States.

## COMMON ALLEGATIONS OF FACT

12.     Bankers is a nationwide provider of automotive warranty underwriting services to numerous warranty administrators including but not limited to Royal.

13.     Royal is an automotive warranty administrator who sells and services automotive warranty policies to consumers nationwide and partners with Bankers to finance the sale of such policies.

14.     Assurant is a parent corporate entity of Bankers and is one of the largest providers of insurance products in the country.  Assurant provides insurance for the automotive warranty policies underwritten by Bankers and sold to consumers by Royal.

15.     In an effort to increase the sale of their automotive warranty products, Assurant and Bankers partnered with Royal to establish an automated calling operation in an attempt to solicit potential customers nationwide to purchase Defendants' automotive warranty services.

16.     The call centers established on behalf of Defendants were operated by third-parties which marketed their goods and services by using an ATDS to place telephone calls to the phone numbers of thousands of potential customers every day.

17.     Assurant, as the largest and most established of the three entities, and a corporate parent entity of Bankers, was directly involved in managing and directing the telemarketing and sale of Defendants' policies, including providing specific telemarketing guidelines to be used by Royal and the third-party call center operators.

18.     Upon information and belief, Assurant and Bankers, along with Royal, profited from any sales of Defendants' automotive warranty services made through the unauthorized calls at issue.

19.     Starting at least as early as 2016, Defendants, through their automated calling operation, engaged in the mass transmission of unsolicited robocalls to the cell phones of

individuals nationwide who they hoped were potential purchasers of Defendants' automotive warranty products.

20.     Beginning in or about 2016, in an apparent effort to sell Defendants' automotive warranty services to Plaintiff, Defendants began placing robocalls to Plaintiff's cellular telephone.

21.     These automated solicitation calls, including the calls made to Plaintiff, were placed *en masse* using "predictive dialing" technology, which automatically places calls without human intervention until the called party answers the call, at which time such automatic dialer attempts to connect the called party with a human representative.

22.     When Plaintiff would answer the phone calls, the call would be connected to Defendants' automated calling operation and a sales representative would eventually come on the line and attempt to make a "sales pitch" promoting Defendants' automotive warranty products.

23.     For example, in or about November 2016, Plaintiff received yet another unauthorized robocall from Defendants.  When Plaintiff answered the call, a sales associate introduced herself by name, stated that she was calling on behalf of a marketer of Defendants' products, and proceeded to make a sales pitch.

24.     Plaintiff received these unwanted and unsolicited robocalls several times per month over the past years preceding the filing of the instant complaint.  The unauthorized robocalls placed by Defendants invaded Plaintiff's privacy, forced him to spend hours investigating their source, and repeatedly interfered with his use of his cellular telephone over a matter of months.

5

25.     Plaintiff never provided his consent, including any prior express written consent, to receive the phone calls placed by or on behalf of Defendants.

26.     Defendants are, or should have been, aware that the automated calling operation marketing their warranty products was placing telephone solicitation calls in violation of the TCPA.

27.     Defendants had the ability to prevent unauthorized calls in violation of the TCPA from being placed by their automated calling operation.

## CLASS ACTION ALLEGATIONS

28.     Plaintiff brings this action on behalf of himself and a nationwide Class defined as follows: All persons in the United States and its Territories who, since October 16, 2013, received one or more telephone solicitation calls on their cellular telephone advertising the sale of automotive warranty products by or on behalf of Defendants through an automated telephone dialing system without providing prior express written consent to receive such phone calls.

29.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class.  Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions.  Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.  Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class.

30.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and would have no effective remedy.  The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal

litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

31.     Defendants have acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

32.     The factual and legal bases of Defendants' liability to Plaintiff and to the other members of the Class are the same, resulting in injury to Plaintiff and to all of the other members of the Class.  Plaintiff and the other members of the Class have all suffered harm and damages as a result of Defendants' unlawful and wrongful conduct.

33.     Upon information and belief, there are hundreds, if not thousands, of members of the Class such that joinder of all members is impracticable.

34.     There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class.  Common questions for the Class include, but are not limited to, the following:

(a)     Did Defendants cause automated telephone calls marketing Defendants' products and services to be placed?

(b)     Were the calls marketing Defendants' automotive warranties placed using an automatic telephone dialing system?

(c)     Did Defendants cause to be placed telephone solicitation calls advertising their services using an automatic telephone dialing system after October 16, 2013 to

7

persons who did not previously provide Defendants with prior express written consent to receive such calls on their respective cellular telephone numbers?

(d)    Did the unauthorized calls made by or on behalf of Defendants using an ATDS violate the TCPA?

(e)    Was Defendants' conduct in violation of the TCPA willful such that the members of the Class are entitled to treble damages?

(f)    Should Defendants be enjoined from continuing to engage in such conduct?

**COUNT I**
**Violation of the Telephone Consumer Protection Act (47 U.S.C. 227, et seq.)**
**on behalf of the Class**

35.    Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

36.    Defendants made and/or directed unauthorized telephone solicitation calls after October 16, 2013 using an automatic telephone dialing system to the cellular telephone numbers of Plaintiff and the other members of the Class without prior express written consent.

37.    Each such automated call was made using equipment that had the capacity at the time the calls were placed to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers without human intervention.

38.    Defendants' conduct violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

39.    As a result of Defendants' illegal conduct, the members of the Class have had their privacy rights violated, have suffered statutory and actual damages, and, under 47 U.S.C. § 227(b)(3)(B), are each entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

8

**REQUEST FOR RELIEF**

Plaintiff, on behalf of himself and the Class, requests the following relief:

A.     An order certifying the Class as defined above;

B.     An award of the greater of actual or statutory damages;

C.     An injunction requiring Defendants to cease all unauthorized automated telephone activities;

D.     An award of reasonable attorney's fees and expenses of litigation; and

E.     Such further and other relief as the Court deems just or equitable.

**JURY DEMAND**

Plaintiff requests trial by jury of all claims that can be so tried.


Dated: October 2, 2017                     TERENCE GARVEY, individually and on behalf of a class of similarly situated individuals

By: /s/ Eugene Y. Turin
                  One of Plaintiff's Attorneys

Michael J. McMorrow
mike@mjmcmorrow.com
MCMORROW LAW, P.C.
One North LaSalle Street, 44th Floor
Chicago, IL 60602
Tel: (312) 265-0708

Myles McGuire
Evan M. Meyers
Eugene Y. Turin
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Floor
Chicago, IL 60601
Tel: (312) 893-7002
mmcguire@mcgpc.com
emeyers@mcgpc.com
eturin@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*