# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TERRENCE GARVEY, individually and on behalf of classes of similarly situated individuals, | )<br>)<br>) Case No. 17-CV-986<br>) |
| Plaintiff, | ) Judge Sharon Johnson Coleman<br>) |
| v. | )<br>) |
| AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, a Florida corporation, and ROYAL ADMINISTRATION SERVICES, INC., a Florida Corporation, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Terrence Garvey brings this putative class action against defendants American Bankers Insurance Company of Florida ("Bankers") and Royal Administration Services, Inc. ("Royal"), asserting that defendants violated the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, *et seq.* Defendants move to strike Garvey's nationwide class claims. For the following reasons, defendants' motion is granted [99].

**Background**

Bankers is a nationwide provider of automotive warranty underwriting services, and Royal is a nationwide provider of automotive warranty administration services. Both Bankers and Royal are Florida corporations with their principal places of business located in Florida. In his third amended class action complaint, Garvey asserts a violation of the TCPA on behalf of the putative class. Garvey, an Illinois resident, alleges that defendants placed unauthorized automated telephone calls

1

using an automatic telephone dialing system ("ATDS") to the cellular telephones of individuals throughout the nation. Garvey seeks to represent the following class of individuals:

> All persons in the United States and its Territories who, since October 16, 2013, received one or more telephone solicitation calls on their cellular telephone advertising the sale of automotive warranty products by or on behalf of Defendants through an automated telephone dialing system without providing prior express written consent to receive such phone calls.

(Dkt. 60 ¶ 28.) Defendants argue that Garvey's nationwide class allegations fail to satisfy Federal Rule of Civil Procedure 23's requirements as a matter of law and move to strike the non-Illinois residents from Garvey's class definition in the Third Amended Complaint pursuant to Rule 23(d)(1)(D) and, in the alternative, Rule 12(b)(2).

**Legal Standard**

Courts in this district evaluate motions to strike class allegations pursuant to Rule 23. *See, e.g.*, *Buonomo v. Optimum Outcomes, Inc.*, 301 F.R.D. 292, 295 (N.D. Ill. 2014) (St. Eve, J.); *Valentine v. WideOpen W. Fin., LLC*, 288 F.R.D. 407, 414 (N.D. Ill. 2012) (Chang, J.). Rule 23(d)(1)(D) enables this Court to "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." When a "plaintiff's class allegations are facially and inherently deficient … a motion to strike class allegations can be an appropriate device to determine whether the case will proceed as a class action." *Buonomo*, 301 F.R.D. at 295 (internal quotation marks and citation omitted); *see also E&G, Inc. v. Am. Hotel Register Co.*, No. 17-CV-1011, 2018 WL 1334934, at *1 (N.D. Ill. Mar. 15, 2018) (Alonso, J.).

**Discussion**

Defendants challenge specific personal jurisdiction only as to claims brought by out of state plaintiffs. They do not contest specific personal jurisdiction with respect to claims brought by Garvey or other putative class members who are Illinois residents that allegedly received telephone calls in Illinois via an ATDS. Defendants do contend, however, that this Court should strike non-

2

Illinois plaintiffs because those plaintiffs are not Illinois residents, did not receive telephone calls in Illinois, and were not otherwise injured in Illinois, so general and specific personal jurisdiction do not exist. In response, Garvey contends that the Supreme Court's reasoning in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S.Ct. 1773, 198 L.Ed.2d 395 (2017) is inapplicable because the absent non-resident class members are not named parties, the due-process concerns underlying that case are not present in class actions, and the case does not extend to class actions.

In *Bristol-Myers*, a group of mostly non-Californian plaintiffs not injured in California brought a mass tort products liability action in California state court against Bristol-Meyers Squibb, a pharmaceutical manufacturer that was not subject to general jurisdiction in California. 137 S.Ct. at 1178. The Supreme Court held that for purposes of specific personal jurisdiction "[t]he mere fact that *other* plaintiffs were prescribed, obtained, and [were harmed] in California—and allegedly sustained the same injuries as did the nonresidents—does not allow the State to assert specific jurisdiction over the nonresidents' claims." *Id.* at 1781. The Court reasoned that the "primary focus of our personal jurisdiction inquiry is the defendant's relationship to the forum State." *Id.* at 1779. Indeed, for specific personal jurisdiction "the *suit* must arise out of or relate to the defendant's contacts with the *forum*." *Id.* at 1780 (internal quotation marks and brackets omitted). The Court left open the question whether its opinion would also apply to a class action that seeks to represent a nationwide class of plaintiffs that includes plaintiffs whom were not injured in the forum state. *Id.* at 1789 n.4.

In *Practice Management Support Services, Inc. v. Cirque du Soleil, Inc.*, the court applied *Bristol-Myers* to a putative class action based on claims arising from the TCPA. 301 F. Supp. 3d 840, 861 (N.D. Ill. 2018), class decert., 2018 WL 3659349 (N.D. Ill. Aug. 2, 2018) (Durkin, J.). The court explained that Rule 23 class action requirements must be interpreted in light of the Rules Enabling Act and the

3

Fourteenth Amendment's due process clause that precludes "nonresident plaintiffs injured outside the forum from aggregating their claims with an in-forum resident." *Id.* at 861. Thus, the court found *Bristol-Myers* applied equally to class actions. *Id.* at 862.

The majority of other courts in this district that have considered the issue have ruled similarly. *See, e.g., Mussat v. IQVIA Inc.*, No. 17 C 8841, 2018 WL 5311903, at *6 (N.D. Ill. Oct. 26, 2018) (Kendall, J.) (striking claims on behalf of nonresidents that were not injured in Illinois); *America's Health and Resource Center, Ltd. v. Promologics, Ltd.*, No. 16 C 9218, 2018 WL 3474444, *4 (N.D. Ill. July 18, 2018) (Leinenweber, J.) (same); *Chavez v. Church & Dwight Co., Inc.*, No. 17 C 1948, 2018 WL 2238191, at *12 (N.D. Ill. May 16, 2018) (Tharp, J.) (dismissing claims on behalf of non-Illinois resident putative class members). The Seventh Circuit has not yet ruled on this issue.

This Court finds the reasoning of its colleagues convincing. Because the Court holds that the Court lacks general personal jurisdiction over the defendants, which are both Florida residents, any finding of jurisdiction must be specific. For this Court to exercise specific jurisdiction, the injury of the non-Illinois plaintiffs must arise out of or relate to the defendants' contacts with Illinois. *Bristol-Myers*, 137 S.Ct. at 1780. Because the parties do not contend that the non-Illinois residents were injured in Illinois, exercising specific jurisdiction over defendants with respect to the nonresidents' claims would violate defendants' contacts with Illinois. Accordingly, the Court must strike the class definition to the extent it asserts claims of non-residents. This ruling should "streamline discovery and simplify the disputed issues." *Mussat*, 2018 WL 5311903 at *5 (internal quotation marks omitted).

Garvey nevertheless contends that defendants waived their ability to object to personal jurisdiction because they never raised lack of personal jurisdiction as an affirmative defense to any of Garvey's individual or class claims and waived their personal jurisdiction defense by failing to raise it in a timely manner. Generally, a defendant must assert any personal jurisdiction challenge in its first

4

responsive pleading or the challenge is waived. Fed. R. Civ. P. 12(b)(2), (h)(1); *see also Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 705, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). Defendants respond that Bankers specifically noted its objection to the lack of personal jurisdiction in its answer to the Third Amended Complaint. (Dkt. 62 ¶ 7.) Defendants further contend that Royal denied any implication of personal jurisdiction in its Answer to the Second Amended Complaint, which is the same allegation in the Third Amended Complaint. (Dkt. 37 ¶ 8.) A defendant can preserve a personal jurisdiction defense by denying all allegations that would have supported jurisdiction. *See Nucap Indus., Inc. v. Robert Bosch LLC*, No. 15 C 2207, 2017 WL 3581174, at *6 (N.D. Ill. Aug. 18, 2017) (Gottschall, J.); *Payton v. Kale Realty, LLC*, No. 13 C 8002, 2014 WL 4214917, at *2 (N.D. Ill. Aug. 26, 2014) (Lefkow, J.). Although defendants' answers could have more clearly stated their personal jurisdiction defenses, the Court finds that defendants did not waive their jurisdictional objections.

Moreover, this Court would excuse defendants if they had failed to raise their defenses. District courts "'retain[] the independent power to identify and apply the proper construction of governing law,' even where the parties 'fail[ ] to advert' to the applicable rule in their own briefing." *Greene v. Mizuho Bank, Ltd.*, 289 F. Supp. 3d 870, 877 (N.D. Ill. 2017) (Feinerman, J.) (quoting *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 99, 111 S.Ct. 1711, 114 L.Ed.2d 152 (1991)) (excusing forfeiture of *Bristol-Myers* jurisdiction challenge); *see also ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 551 (7th Cir. 2001) (excusing forfeiture and reasoning that "[f]ederal courts are entitled to apply the right body of law, whether the parties name it or not"); *Mussat*, 2018 WL 5311903 at *2 (finding that defendant did not forfeit personal jurisdiction defense when controlling precedent previously foreclosed the defense).

5

**Conclusion**

For these reasons, this Court grants Defendants' Motion to Strike the Nationwide Class Claims [99]. This case proceeds on Garvey's purported class claims as they pertain to Illinois residents only.

IT IS SO ORDERED.

Date: 5/10/2019

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge